UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY OSBORNE MACKALL,

      Plaintiff,                      Case No. 05-CV-60080

vs.

                                      HONORABLE JOHN CORBETT O'MEARA
                                      HONORABLE STEVEN D. PEPE

BILLY RAY THOMPSON,

      Defendant.
_____/

REPORT AND RECOMMENDATION

      Plaintiff filed a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 on March 12, 2005, against Chaplain Billy Ray Thompson. The Prison Litigation Reform Act of 1995 ("PLRA"), which applies to all claims filed after April 26, 1996, requires a prisoner to exhaust all administrative remedies before bringing a federal suit regarding prison conditions. 42 U.S.C. § 1997e(a).[1] This requirement applies to all § 1983 claims that fall under "the definition of a 'civil action with respect to prison conditions' as set forth in 18 U.S.C.A. § 3626(g)(2)." *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999) (footnote omitted) (applying exhaustion requirement to prisoner's equal protection claim). That section provides:

> the term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison. . . .

---

[1] The PLRA provides in pertinent part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

18 U.S.C.A. § 3626(g)(2).

The Supreme Court has held that the exhaustion requirement must be satisfied, so long as some responsive action is available, even if the relief sought is not available in that grievance process. *Booth v. Churner*, 532 U.S. 731, 736-40, 740 n.5 (2001).

Plaintiff alleges violations of his civil rights pursuant to 42 U.S.C. §1983 under the Eighth Amendment, claiming that Chaplain Billy Ray Thompson removed him from his religions call outs on two occasions and despite filing kites against Chaplain Thompson Plaintiff was denied religious services for almost a month. Plaintiff further asks this Court for an order prohibiting the Michigan Department of Correction's ("MDOC") staff and agents from retaliation against Plaintiff.[2] Plaintiff alleges exhaustion of his administrative remedies, though Plaintiff has failed to attach copies of any grievances to his Complaint. The Sixth Circuit Court of Appeals held in *Knuckles-El, et al., v. Toombs, et al.,* 215 F.3d 640 (6th Cir. 2000), that:

> [A] prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district court may intelligently decide if the issues raised can be decided on the merits.

*Knuckles-El, et al.,* 215 F.3d 640, at 642.

Here, the failure of Plaintiff to attach evidence or describe with specificity the administrative proceeding and its outcome necessitates dismissal. Further, the Sixth Circuit has held that the demonstration of compliance with the exhaustion requirement must be completed upon the initial complaint and that there is no option for a plaintiff to cure the defect by submitting documentation

---

[2] The MDOC is not a defendant, thus this Court has no jurisdiction over it or over its employees.

subsequent to the initial complaint. *Baxter v. Rose,* 305 F.3d 486 (6th Cir. 2002). Therefore, Plaintiff cannot cure the defect here buy submitting subsequent documents showing exhaustion of his administrative remedies.

**Recommendation**

For the reasons stated above, it is RECOMMENDED that Plaintiff's complaint be dismissed for failure to exhaust administrative remedies. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 9, 2006                                              s/Steven D. Pepe
Ann Arbor, Michigan                                                  United States Magistrate Judge

Certificate of Service

       I hereby certify that a copy of this Report and Recommendation was served upon the attorneys and/or parties of record by electronic means or U. S. Mail on February 09, 2006.

                                                s/William J. Barkholz
                                                Courtroom Deputy Clerk